ARTEMAS LEE *vs.* INHABITANTS OF TEMPLETON.

A person who has paid his tax within the time prescribed by the town, and thus obtained a discount thereon, under the Rev. Sts. *c.* 7, § 35, cannot maintain an action against the town to recover back the amount, upon the ground that the tax was illegal by reason of too small a portion of the state tax having been assessed on polls; even if he paid under protest.

ACTION OF CONTRACT to recover back moneys paid to the defendants' collectors of taxes in 1854, 1855, 1856 and 1857, for taxes which were illegally assessed by reason of not assessing a sufficient proportion of the state tax upon polls. Trial before *Metcalf*, J., who ruled that on the evidence the payments by the plaintiff were voluntary, and could not be recovered back; and made a report of the case to the full court, of which the votes of the town, copied in the margin,* were made part, and so

---

* 1853. March 7th. Voted, That a discount of six per cent. be made on all taxes voluntarily paid to the collector on or before the last day of September next, and the collector be instructed to collect all the taxes committed to him to collect, by the 1st day of February next.

1854. March 6th. Voted that the discount for the prompt payment of taxes shall be the same as last year, and that all taxes be collected and paid by the 1st day of February next.

1855. April 2d. Voted, that, to provide for the more effective and economi cal mode of collecting the taxes and managing the funds of the town, the conditions and restrictions on which the taxes be disposed of for collection the current year to whomsoever may be designated by the town as collector, irrespective of the compensation to be paid for the same, shall be as follows: The collector shall guaranty the collection and the payment, to the treasurer of the town, of all taxes committed to him to collect, except in such cases of loss as may arise from circumstances not within his control, or not chargeable to any fault or delinquency on the part of said collector, or in cases where there is cause for abatement, and the assessors or the town do so abate.

*Second.* Voted that all taxes paid or collected on or before the last day of September shall be allowed a discount of six per cent. same as last year; and that all taxes, to the amount of one dollar or over, paid or collected prior to the 25th day of September next, shall be allowed the rate of legal interest from the time they are so paid to the 25th day of September, and the collector shall keep an account of all such interest.

much of the residue of which as is material to the understanding of the point decided is stated in the opinion.

*C. Devens, Jr. & G. F. Hoar*, for the plaintiff, contended that neither the statute, nor the votes of the town, imposed any condition on the plaintiff of waiving his right to take advantage of any defects in the tax, or took away the right of the town to enforce immediate payment; and cited Rev. Sts. *c.* 7, §§ 27, 35; *c.* 8, § 12; *Goodrich* v. *Lunenburg*, 9 Gray,      ; *Boston & Sandwich Glass Co.* v. *Boston*, 4 Met. 187, 189; *Amesbury Woollen & Cotton Manuf. Co.* v. *Amesbury*, 17 Mass. 461; *Preston* v. *Boston*, 12 Pick. 7; *Appleton Bank* v. *McGilvray*, 4 Gray, 518; *Libby* v. *Burnham*, 15 Mass. 144; *Lincoln* v. *Worcester*, 8 Cush. 59; *Sumner* v. *First Parish in Dorchester*, 4 Pick. 365; *Wright*

*Third.* All taxes received by the collector as aforesaid, except state, county and school district taxes, shall be paid over to the treasurer on the 1st and also on the 15th day, respectively, of each and every month after the tax bills or lists are committed to his hands by the assessors, unless the said 1st and 15th days come on Sunday, in which case the taxes shall be paid over as aforesaid on the following Monday; and at any time when required by the treasurer, the collector shall exhibit his bills or lists showing the amount so collected on the 1st and 15th days of each and every month, and the treasurer is authorized to call on the collector for the payment of all taxes received by him at the time aforesaid; and the treasurer shall also be required to render to the selectmen, on the annual settlement of his accounts, all interests which he may have received on surplus moneys in his hands loaned out, if any, or all interests which may be due on moneys used by himself, if any.

*Fourth.* The collector shall be required to collect and pay over all taxes committed to him, on or before the 1st day of February next: *Provided however*, that nothing contained in the foregoing conditions and restrictions shall be construed into any hindrance or restriction to the collector's proceeding to the collection of taxes agreeable to the provisions of law, and for his security as guarantor.

1856. April 7th. Voted that a discount of six per cent. be made to all persons who pay their taxes on or before the 30th day of September next; and that the taxes be collected and paid over on the basis adopted in 1855, with the exception of the interest clause; and that all the taxes be collected and paid by the 1st day of February 1857.

1857. March 2d. Voted that all taxes paid on or before the 30th day of September next, shall be allowed a discount of six per cent. and all taxes shall be collected on or before February 1st 1858.

v. *Boston,* 9 Cush. 242 ; *Perry* v. *Dover,* 12 Pick. 215 ; *Shaw* v *Becket,* 7 Cush. 442 ; *Dow* v. *First Parish in Sudbury,* 5 Met. 73 ; *Newdigate* v. *Davy,* 1 Ld. Raym. 742 ; *Close* v. *Phipps.* 7 Man. & Gr. 586.

*P. C. Bacon & P. E. Aldrich,* for the defendants, cited *Munt* v. *Stokes,* 4 T. R. 563 ; *Bize* v. *Dickason,* 1 T. R. 286 ; *Brisbane* v. *Dacres,* 5 Taunt. 144 ; *Elliott* v. *Swartwout,* 10 Pet. 137 ; *New York & Harlem Railroad* v. *Marsh,* 2 Kernan, 308 ; *Christy* v. *St. Louis,* 20 Missouri, 143 ; *Smith* v. *Readfield,* 27 Maine, 145 ; *Sheldon* v. *School District in Suffield,* 24 Conn. 88 ; *Benson* v. *Monroe,* 7 Cush. 125 ; *Boston & Sandwich Glass Co.* v. *Boston,* 4 Met. 181 ; *Joyner* v. *School District in Egremont,* 3 Cush. 572; Rev. Sts. *c.* 7, § 35.

MERRICK, J. In the statute regulating and defining the manner in which taxes shall be assessed, it is provided that any town may, at its annual meeting, allow a discount of such sums as they may think expedient, to those persons who shall make a voluntary payment of their taxes within such periods of time as the town shall prescribe for that purpose. Rev. Sts. *c.* 7, § 35. It appears from the records of the town, appended to the report of the judge who presided at the trial in the present case, that the defendants availed themselves of this right and privilege in each successive year for five years, from 1853 to 1857. The votes were not all in the same words, but were all the same in substance and effect. Thus in 1853 it was voted in terms " that a discount of six per cent. be made on all taxes voluntarily paid on or before the last day of September next;" and in 1854 it was voted " that the discount for prompt payment of taxes shall be the same as last year." This was just as intelligible, and just as effectual, as if the object and purpose of the town had been expressed in the language of the vote of the preceding year, or in any other form or in any other terms having the same signification. In the two succeeding years the votes of the town were explicit, that a like discount should be made to all persons whose taxes were paid before the last day of September; and that all other taxes should be collected on or before the first day of February then next following. The

implication from all these votes is inevitable, that until after the time within which voluntary payments are allowed to be made, and the benefit of the proposed discount be taken advantage of, no coercion was to be resorted to for enforcing an involuntary or unwilling payment of a tax assessed. And this was obviously the understanding alike of the town and of the taxpayers. The former, by their proper officer, forbore to exercise any positive constraint under his warrant; and the assessors, in conformity to the law, posted up, in the discharge of their duty, public notice, in more than one place in the town, of the rate of discount which was to be allowed for prompt and voluntary payments. The plaintiff was among the number of those who voluntarily sought out the collector at the appointed time and place, and, just before the expiration of the time allowed, secured the benefit of the discount to be allowed upon the terms which were proposed to him.

The payment of a tax under such circumstances is necessarily, in view of the provisions of the statute, to be regarded and treated as a voluntary payment. It is so, in substance and effect, declared to be by the express provisions of the statute. The privilege of a discount is given to those persons only who make voluntary payment of the tax imposed upon them. And they who avail themselves of the privilege should not refuse to take also the burden of any consequences which are the necessary or legitimate result of the alternative they have chosen. It is like the acceptance of a deed containing reservations of duties to be performed by the grantee for the benefit of the grantor, which thenceforward become obligatory upon the party who has thus impliedly agreed to submit to them. *Goodwin* v. *Gilbert,* 9 Mass. 510. This is founded upon the principle, than which, it is said, nothing is better settled, that whenever a person receives money or other property, upon certain expressed terms and conditions, to his own use, this is in itself an act by which he is as effectually bound to comply with and perform them as he would be by the most express stipulations. *Carter* v. *Carter,* 14 Pick. 428.

There is nothing in the circumstances attending either of the payments, the amount of which the plaintiff now seeks to

recover back, which has any tendency to change or qualify the effect which the provisions of the statute, above cited, attribute and assign to the free and voluntary action of a party who seeks to secure the benefit and discount authorized by the votes of the town. It is true that he accompanied his payments with a formal protest; and it appears that in one instance the collector was induced, upon his solicitation, to say that the payment of the tax was demanded. But whether these formalities of demand and protest were actually observed in the present case is quite immaterial, since they could have no influence upon a clear, certain and positive rule of law, or be allowed to vary or diminish the force, significance or effect of the express provisions of the statute. The several payments made by the plaintiff must be held to have the character and effect assigned to them by these provisions. In conformity to the absolute rule thereby established, they must be considered as his voluntary acts, and must be treated by courts of law as having this and no other character. The conclusion to be deduced from the facts disclosed is obvious and unavoidable. It is not contended by the plaintiff that money paid in a manner proved or conceded to be perfectly free and voluntary, and with full knowledge of the facts, can be recovered back from the party who has received it under a claim of right. That, in view of the express provisions of the statute, is the condition in which the plaintiff is placed; his payments to the collector were voluntary payments, and the money is therefore irrecoverable. The rulings of the learned judge who presided at the trial were to this effect; and they must consequently be sustained.

*Judgment on the verdict for the defendants.*